UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK POPE )<br>)<br>            Plaintiff, )<br>)<br>      v.        )<br>)<br>AMERICAN COLLEGE OF )<br>PHYSICIANS, INC. )<br>)<br>            Defendant. )<br>) | Civ. Action No. 1:07cv01023-RCL |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Jack Pope was formerly employed by Defendant American College of Physicians Inc. (ACP).  While employed with ACP, Mr. Pope disclosed confidential medical information to ACP in the course of seeking a reasonable accommodation.  In April 2005, ACP terminated Mr. Pope's employment.  _____

_____

_____

In December 2005, the U.S. National Security Agency, Central Security Service ("Agency") extended Mr. Pope a conditional offer of employment subject to a background investigation.  ACP violated the Americans with Disabilities Act by disclosing Mr. Pope's confidential medical information to the contractor performing the background investigation.  _____ by making derogatory, disparaging and false statements about Mr. Pope to the contractor.

As a result of ACP's actions, the Agency decided not to hire Mr. Pope and withdrew its conditional offer of employment.

The court should deny ACP's Motion to Dismiss Mr. Pope's complaint. ACP violated the Americans with Disabilities Act (ADA) when it unlawfully disclosed Mr. Pope's confidential medical information to the contractor performing the background investigation. ACP violated the ADA when it retaliated against Mr. Pope for exercising his right to request reasonable accommodations by disclosing confidential medical information to the contractor. ACP breached _____ when it disclosed derogatory, disparaging and false information to the contractor.

## STATEMENT OF FACTS

[The Statement of Facts, Mr. Pope's Declaration and Exhibits to the Declaration contain confidential information and have been filed separately under seal.]

## LEGAL ARGUMENT

I. **Standard for Motion to Dismiss and Summary Judgment[1]**

Motion to Dismiss

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) citing *Conley v. Gibson*, 355 U.S. 41 (1957).

Summary Judgment

Summary judgment may be granted only if "there is no genuine issue as to any material fact [and] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (Id. at 248). In deciding a motion for summary judgment, the court must view the facts and the reasonable inferences from the facts "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[I]f reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

II. **The Complaint States a Claim for Violation of the ADA's Confidential Medical Records Provisions**

ACP violated the ADA when it wrongfully disclosed confidential medical

---

[1] Although ACP filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), it requested the court to treat its motion as a motion for summary judgment to the extent the court considers documents outside the pleading.

information to the ADC contractor.² The ADA's provisions on confidentiality require employers to keep employees' medical records confidential. Employers must treat any medical information obtained from a disability-related inquiry or medical examination, in addition to any medical information voluntarily disclosed by an employee, as a confidential medical record. Employers may share such information only in limited circumstances with supervisors, managers, first aid and safety personnel, and government officials investigating compliance with the ADA.  42 U.S.C. §§12112(d)(3)(B), (4)(C)(1994); 29 C.F.R. §1630.14(b)(1)(1998); *EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA), July 27, 2000.*

The ADA also requires that employers take specific steps to make certain that employee medical records are kept confidential. Medical information must be collected and maintained on separate forms and in separate medical files.  42 U.S.C. §§12112(d)(3)(B), (4)(C). As the EEOC explained in *ADA Enforcement Guidance: Preemployment Disability-Related Questions and Medical Examinations, October, 1995*:

> An employer should not place any medical-related material in an employer's non-medical personnel file. If an employer wants to put a document in a personnel file, and that document happens to contain some medical information, the employer must simply remove the medical information from the document before putting it in the personnel file.

An employee who suffers injury as a result of an employer's disclosure of confidential medical information in violation of the ADA has a cause of action under the ADA. *Cossette v. Minnesota Power & Light*, 188 F.3d 964 (8th Cir. 1999). The courts

---

² In his declaration, Robert Doherty claims that he was interviewed by an investigator from the United States Secret Service. As indicated in Exhibit D to Mr. Pope's declaration, the investigator was not from the Secret Service but was merely a contractor with a private firm.

4

have interpreted the ADA broadly to protect employees from employer breaches of confidentiality. In fact, an employee need not even be disabled to state a claim for the unauthorized disclosure of confidential medical information. *Id.* at 969-70. *See Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1181-82 (9th Cir. 1999); *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 593-94 (10th Cir. 1998).

In the instant case, Mr. Pope can maintain a cause of action under the ADA for ACP's disclosures of his confidential medical information. ACP violated the ADA provisions on confidentiality by failing to keep Mr. Pope's medical information in a separate medical file and by disclosing this information to the contract investigator.

Contrary to ACP's argument, the authorization form Mr. Pope provided to the Agency did not authorize ACP to disclose his confidential medical information to the contract investigator. While Mr. Pope provided the Agency with an authorization that permitted his former employers to disclose information about his activities at work, this authorization did not permit his former employers to disclose confidential medical information. The authorization even provides that for "medical institutions, hospitals [and] health care providers" . . .a separate specific release will be needed." It would not make sense to require separate specific releases to obtain medical information from some sources but not from others. Moreover, if ACP had been in compliance with the confidentiality provisions of the ADA, Mr. Pope's medical information would have been stored in a separate medical file and thus less likely to have been turned over to the contract investigator by Mr. Hudson.

ACP violated the confidentiality provisions of the ADA when it disclosed Mr. Pope's confidential medical information to the ADC contract investigator. Therefore,

5

Mr. Pope has stated a claim against ACP for violation of the ADA's confidential medical records provisions.

### III.     The Complaint States a Claim for Retaliation

The ADA makes it unlawful for an employer to retaliate against an employee who exercises his right to request reasonable accommodations. 42 U.S.C. § 12203(a). In analyzing retaliation claims under the ADA, the courts have adopted the analysis developed for Title VII cases. *Smith v. District of Columbia*, 430 F.3d 450, 454-55 (D.C. Cir. 2005). In order to establish a prima facie case of retaliation under the ADA, an employee must show (1) he engaged in a protected activity (2) he was subjected to adverse action by the employer and (3) there was a causal link between the adverse action and the protected activity. *Id.*

In May 2003, Mr. Pope requested to work from home occasionally as a reasonable accommodation for his disabilities. ACP denied his request. In January 2006, ACP disclosed confidential medical information and made derogatory, disparaging and false statements to an ADC contract investigator. The gap between Mr. Pope's request for accommodation and ACP's unlawful disclosures does not destroy the causal link between the adverse action and the protected activity. While the time that elapses between protected activity and retaliatory action is a factor in the court's determination, it is not dispositive. The delay could just as easily indicate that defendant did not have an earlier opportunity to retaliate. *Enright v. Illinois State Police*, 19 F. Supp. 2d 884, 889 (N.D. Ill. 1998). In this case, ACP's decision to disclose confidential medical information and make derogatory, disparaging and false statements was simply its "first opportunity" to retaliate against him following his termination. *See Price v. Thompson*,

380 F.3d 209, 213 (4th Cir. 2004). Therefore, Mr. Pope has stated a claim against ACP for retaliation.

IV. **The Complaint States a Claim for Breach of contract**

_____

_____

_____

_____

The authorization permits the contract investigator to obtain "information relating to [Pope's] activities from . . . employers." It further authorizes "custodians of records and sources of information" to release "such information . . . regardless of any previous agreement to the contrary." _____

_____

_____

In addition to providing the ACD contract investigator with information about Mr. Pope's activities at work, Mr. Doherty made derogatory, defamatory and false statements about Mr. Pope. The authorization did not permit Mr. Doherty to make these statements. It was unlawful for ACP to make statements about Mr. Pope that were not true in an effort to prevent Mr. Pope from getting the job with the Agency. Thus, Mr. Pope states a claim for breach of contract.

## CONCLUSION

Because Mr. Pope's complaint states a claim for violation of the ADA's confidential medical provisions, retaliation and breach of contract, the court should deny ACP's motion to dismiss.

       Respectfully submitted,


       _____/s/_____
       Alan Lescht, DC Bar # 441691
       Susan L. Kruger, DC Bar # 414566
       Alan Lescht & Associates
       1050 17th Street, N.W.
       Washington, DC  20036
       202-463-6036
       202-463-6067 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK POPE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 1:07cv01023-RCL |
| ) | |
| AMERICAN COLLEGE OF ) | |
| PHYSICIANS, INC. ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of the Plaintiff's Opposition to Defendant's Motion to Dismiss and the entire record herein, it is this _____ day of _____, 2007, by this Court,

ORDERED, that Defendant's Motion to Dismiss is DENIED.

_____
Royce C. Lamberth
United States District Judge

POPE DECLARATION AND EXHIBITS A-E WERE FILED UNDER SEAL